IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>          Plaintiff,<br><br>vs.<br><br>JOHN LOCUST, RTC IDC Program Administrative Officer,<br><br>          Defendant. | 8:23CV382<br><br>MEMORANDUM AND ORDER ON INITIAL REVIEW<br>AND<br>ORDER ON MOTION FOR CHANGE OF VENUE |

Plaintiff Kirk D. Robinson filed a Complaint on August 28, 2023. Filing 1. He has been given leave to proceed in forma pauperis. Filing 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. This case is also before the Court on Plaintiff's Motion for a Change of Venue. Filing 6.

        **I.   SUMMARY OF THE COMPLAINT**

Plaintiff captions his Complaint as a "Petition for Judicial Review of Questionable Acts by Administrative Procedures Act" and sues John Locust ("Locust"), the Institutional Disciplinary Committee ("IDC") Program Administrative Officer at the Reception and Treatment Center ("RTC") pursuant to the Administrative Procedures Act, 5 U.S.C. § 702. Filing 1 at 1.

Plaintiff alleges that in July 2023 he was given a pass to appear for a hearing at "1300 h[ou]rs" regarding a misconduct report ("MR") Plaintiff received and he also had passes for two other activities for the same date and time. Filing 1 at 1–2. Plaintiff arrived twenty minutes late for the MR hearing after securing permission to arrive late for the other two activities. When Plaintiff arrived, another hearing was in progress. At the conclusion of that hearing, Locust informed Plaintiff "that the hearing would be held without him present, since he had arrived

late," though Plaintiff told Locust he was ready to proceed. Filing 1 at 2. Locust held the hearing without Plaintiff present and "sanctioned him with 30 days of tablet restriction and 30 days loss of good time," Filing 1 at 2, after finding Plaintiff guilty of one count of "use of threatening language or gestures," which was Plaintiff's "[second] 2H violation within the past year," Filing 1 at 6. Plaintiff appealed Locust's decision to the Appeal Committee in the Nebraska Department of Correctional Services ("NDCS") Central Office, which upheld and affirmed Locust's "conviction" and "sentence." Filing 1 at 2.

Plaintiff claims Locust violated his due process rights and the Appeal Committee erred in affirming Locust's IDC decision. Plaintiff "asks the Court to review this case and reverse Jo[h]n Locust's 'conviction' and 'sentence' as unconstitutional" and "to authorize an investigation into the unlawful and unconstitutional practices of the RTC facility and its IDC staff." Filing 1 at 3.

## II. LEGAL ANALYSIS

### A. Initial Review

#### 1. Initial Review Standards

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

  2. *The APA Is Inapplicable*

Plaintiff purports to bring this action against Locust for review of his decision imposing disciplinary sanctions against Plaintiff pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. As explained below, the APA is inapplicable to Plaintiff's claims and, liberally construing the Complaint as one brought under 42 U.S.C. § 1983, Plaintiff's requested relief is not available.

"The APA waives sovereign immunity for actions *against the United States* for review of administrative actions that do not seek money damages and provides for judicial review in the federal district courts." Middlebrooks v. United States, 8 F. Supp. 3d 1169, 1174 (D.S.D. 2014) (emphasis added). While the APA permits "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action," to seek judicial review in federal court, 5 U.S.C. § 702, "agency" is specifically defined in the APA as "each authority of the Government of the United States," 5 U.S.C. § 701(b)(1). Thus, the APA allows judicial review of actions by *federal* agencies but does not provide for federal judicial review of *state* agency actions like Locust's action imposing disciplinary sanctions on Plaintiff in his role as the RTC

IDC Program Administrative Officer. As a result, Plaintiff fails to state a claim against Locust under the APA upon which relief may be granted.

### 3. Relief Is Unavailable Under § 1983

Liberally construed, Plaintiff here alleges federal due process claims under 42 U.S.C. § 1983.[1] The Eighth Circuit has held that the removal of a prisoner's good time credits in a disciplinary hearing implicates a liberty interest protected by the Due Process Clause. *Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555–58 (1974)). However, because Plaintiff "challenges prison disciplinary matters where the loss of good time credits was involved, he is precluded from filing an action under 42 U.S.C. § 1983 until the conclusion of a successful habeas action on those matters, which has not been alleged here." *Owens v. Isaac*, No. C06-16 EJM, 2008 WL 5129503, at *2 (N.D. Iowa Dec. 5, 2008), *aff'd*, 324 F. App'x 539 (8th Cir. 2009) (citing *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994)); *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (prisoner's claim for damages and declaratory relief "based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). The appropriate vehicle for seeking the restoration of good-time credits is a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which requires prior exhaustion of any available state remedies. *See Sherrod v. Nebraska*, No. 4:07CV3216, 2007 WL 2903004, at *1 (D. Neb. Oct. 4, 2007) (citing cases). Plaintiff, therefore, cannot obtain a reversal of Locust's disciplinary action imposing a loss of 30 days of good-time credits in the present action. Rather, Plaintiff must have the disciplinary action invalidated by a state court or

---

[1] To state a section 1983 claim, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

he may file a petition for writ of habeas corpus in this Court after fully exhausting his state court remedies. *See* 28 U.S.C. § 2254(b)(1).

Finally, to the extent Plaintiff seeks an "investigation into the unlawful and unconstitutional practices of the RTC facility and its IDC staff," Filing 1 at 3, such relief is unavailable here. "Prospective relief, which is 'all relief other than compensatory monetary damages,' *see* 18 U.S.C. § 3626(g)(7), is limited by the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, to an order correcting the violation." *Robinson v. Carson*, No. 8:23CV137, 2023 WL 6880153, at *3 (D. Neb. Oct. 18, 2023). Therefore, to the extent Plaintiff seeks an investigation into IDC staff practices within the NDCS based on events which have already occurred, such relief is outside the scope of this Court's authority under the PLRA. *See I.S.B. v. State of S. Dakota Com'r of Admin.*, No. CIV. 10-4142-KES, 2011 WL 1316594, at *2–3 (D.S.D. Apr. 1, 2011) ("It is not the role of federal courts to micro-manage state corrections." (citing *Klinger v. Dep't of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994))); *see also Sandin v. Conner*, 515 U.S. 472, 482 (1995) ("federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment").

### B. The Motion for a Change of Venue

On November 20, 2023, Plaintiff filed a Motion for a Change of Venue. Filing 6. Plaintiff asks that this "case be moved to a completely different circuit altogether" as "this is the only way to ensure . . . that he gets a fair, unbiased and impartial hearing in a court of law." Filing 6. Plaintiff's basis for his motion is his pending suit against Inactive Senior Judge Richard Kopf and Senior Judge Joseph Bataillon of this Court. *See* Filing 6, Case No. 8:23CV452.

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

(b) Venue in general.—A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff sues an NDCS official at the RTC located in Lincoln, Nebraska. Filing 1. Venue is clearly proper in the District of Nebraska as the defendant is located in this district and the events that are the subject of the Complaint occurred here. As such, the Court finds that a change in venue is not warranted.

To the extent Plaintiff's motion seeks to have his case considered by a different judge other than Judge Bataillon, such request is now moot as Judge Bataillon recused himself from this matter, as well as Plaintiff's other pending cases, because Plaintiff named Judge Bataillon as a defendant in Case No. 8:23CV452. *See* Filing 7. This matter was reassigned to the undersigned, and the Court has now completed an initial review of Plaintiff's Complaint and determined that it fails to state a claim upon which relief may be granted. Thus, Plaintiff's Motion for Change of Venue is properly denied.

### III. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted under either the APA or 42 U.S.C. § 1983. Accordingly, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A and without leave to amend as the Court concludes further amendment would be futile. There is also no basis for a change of venue.

IT IS THEREFORE ORDERED that:

6

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Court will enter judgment by a separate document.

3. Plaintiff's Motion for Change of Venue, Filing 6, is denied.

Dated this 10th day of July, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge